IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

| | | |
|---|---|---|
| STEVEN DICKSON, and all others similarly situated under 29 USC § 216(b), | § § § | |
| *Plaintiffs*, | § § | CASE NO. 7:22-cv-00010 |
| v. | § § § | JURY DEMANDED<br>Collective Action pursuant to<br>29 U.S.C. § 216(b) |
| THE BOSWORTH COMPANY, LTD., | § § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Steven Dickson ("Plaintiff" or "Dickson"), on behalf of himself and all others similarly situated, files this Complaint against Defendant The Bosworth Company, Ltd. ("Defendant" or "Bosworth"), and respectfully shows the Court as follows:

### I.   INTRODUCTION

1. This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over forty during each workweek while working for Defendant paid on an hourly basis.

2. Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and on behalf of all similarly situated current and former employees who worked for Defendant on an hourly basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

3.  Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees and costs, and pre- and post-judgment interest.

## II.   PARTIES

4.  Plaintiff is an individual citizen of the state of Texas and was employed by Defendant in Midland, Texas, between about October 2017 and March 2021.

5.  Bosworth is a limited partnership organized under the laws of the State of Texas. Bosworth's principal place of business is 2205 W. Industrial Avenue, Midland, Texas 79701. Its registered agent is Ron Ainsworth, and he can be served with process at 2205 W. Industrial Avenue, Midland, Texas 79701.

6.  During all times relevant to this lawsuit, Defendant has done, and continues to do, business in the State of Texas.

7.  At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

8.  At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

9.  Defendant is/was an employer of Plaintiff and the putative Collective Action Members.

10. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce.

11. At all times relevant to this lawsuit, Defendant had annual gross sales or business volume in excess of $500,000.

### III.   JURISDICTION & VENUE

12. The Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

13. This Court also has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, because those claims derive from a common nucleus of operative fact.

14. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Division.

### IV.   FACTS

15. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

16. Defendant is a company that provides plumbing, HVAC, electric, and other services to its customers. Defendant employed Dickson as a helper and technician from approximately October 2017 to March 2021. As a helper and technician, Plaintiff was responsible for performing manual or technical labor to provide Defendant's products and services to customers at their homes or places of business, including, amongst other things, servicing heating and air conditioning units. Like Plaintiff, the Collective Action Members were also responsible for performing manual or technical labor to provide Defendants' products and services for customers.

17. Daily, Defendant required Plaintiff and putative Collective Action Members to report to Defendant's place of business before going to service Defendant's customers. Plaintiff and putative Collective Action Members would additionally have to return on occasion to

Defendant's place of business between jobs during the day or before the end of the day. At Defendant's place of business, Plaintiff and putative Collective Action Members would engage in work-related activities, such as preparing their tools and equipment, obtaining supplies for jobs, cleaning their company owned vehicles, receiving job assignments, completing company paperwork, speaking with their supervisors, or organizing themselves into teams to respond to service calls. Although Plaintiff and putative Collective Action Members performed work while at Defendant's place of business, Defendant did not track these work hours or pay Plaintiff and putative Collective Action Members overtime premium pay at the rate of time and one-half their respective regular rates of pay for all hours worked over forty in the workweek.

18. At all times, Defendant paid Plaintiff and the putative Collective Action Members on an hourly basis, and Plaintiff and putative Collective Action Members are classified as non-exempt employees.

## V.   FLSA CLAIMS FOR OVERTIME PAY

19. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

20. All conditions precedent to this suit, if any, have been fulfilled.

21. At all relevant times, Defendant was Plaintiff's employer under the FLSA and was engaged in commerce under the FLSA.

22. Plaintiff was not exempt from overtime under the FLSA and was paid on an hourly basis.

23. Plaintiff worked more than forty hours per workweek for Defendant but was not paid time and one-half his regular rate of pay for all hours worked over forty in each workweek.

24. Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5. Defendant's violation of the FLSA was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not paid overtime premium pay at the rate of time and one-half his respective regular rate of pay for all hours worked over forty in a workweek. On behalf of himself and the putative Collective Action, Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward, as a result of Defendant's willful conduct. 29 U.S.C. § 255(a).

25. Plaintiff seeks all damages available at law for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.    FLSA COLLECTIVE ACTION CLAIMS

26. Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

27. Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> all current and/or former non-exempt employees of Defendant who: (a) were paid on an hourly basis, (b) performed manual or technical labor to provide Defendant's products and services to customers; (c) work/worked more than forty hours in any workweek; and (d) are/were not paid time and one-half their regular rate of pay for all hours worked over forty in each such workweek.

28. Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid an hourly rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each workweek.

29. The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

30. The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally applicable policies or practices and does not depend on the personal circumstances of the putative Collective Action Members.

31. The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

32. Although the exact amount of damages may vary amongst the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

33. Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

34. Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.   JURY DEMAND

35. Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## VIII.   PRAYER

36. For these reasons, Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded judgment against Defendant for the following:

    a.    An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative Collective Action Members;

    b.    All damages allowed by the FLSA, including back wages, liquidated damages in the amount equal to FLSA-mandated back wages, legal fees, costs, and expenses, and pre- and post-judgment interest; and

    c.    All other relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Fernando M. Bustos*
Fernando M. Bustos; SBN: 24001819
fbustos@bustoslawfirm.com
Brandon C. Callahan; SBN: 24096175
bcallahan@bustoslawfirm.com
Matthew N. Zimmerman; SBN: 24100386
mzimmerman@butsoslawfirm.com
BUSTOS LAW FIRM, P.C.
P.O. Box 1980
Lubbock, Texas 79408-1980
(806) 780-3976
(806) 780-3800 FAX

ATTORNEYS FOR PLAINTIFF
STEVEN DICKSON AND THE
COLLECTIVE ACTION MEMBERS